IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUFTILE,

    Plaintiff,                  No. CIV S-03-1522 FCD DAD P

    vs.

L.C. MICCIO-FONSECA,        FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Plaintiff is in custody at Atascadero State Hospital pursuant to California's Sexually Violent Predators Act (SVPA), Welfare and Institutions Code § 6600, et seq. and is proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has previously been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        In his complaint filed on July 17, 2003, plaintiff named Dr. Miccio-Fonseca, the Director of the Clinic for Sexualities, as the sole defendant in this action. Plaintiff alleged that defendant developed the policies, practices, and evaluation process for the California Department of Mental Health for civil commitment detainees. Plaintiff challenged the manner in which defendant conducted her evaluation of plaintiff which resulted in plaintiff's civil commitment. In

1

1  this regard, plaintiff claimed that defendant Miccio-Fonseca violated confidentiality rules and
2  professional ethical codes when she reviewed his C-file, medical records, psychological
3  evaluations, and police and court records without his consent.  Plaintiff also claimed that
4  defendant's evaluation report contains false and unsupported statements, inaccurate test results,
5  incomplete information, and unsound conclusions.  Plaintiff sought relief including the award of
6  compensatory and punitive damages, declaratory relief and injunctive relief "preventing
7  Defendant from inflicting further injury upon Plaintiff."  (Complaint at 27.)

8     On August 15, 2003, the undersigned issued findings and recommendations
9  recommending that this action was dismissed as barred by the rule announced by the United
10 States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994).   In this regard, this court
11 concluded that plaintiff was challenging the validity of mental health information used to support
12 his civil commitment and that the commitment has not been "reversed on direct appeal, expunged
13 by executive order, declared invalid by a state tribunal authorized to make such determination, or
14 called into question by a federal court's issuance of a writ of habeas corpus." Heck , 512 U.S. at
15 486-87.  On September 4, 2003, those findings and recommendations were adopted by the
16 assigned district judge and the action was dismissed.  Thereafter, plaintiff filed an appeal with the
17 U.S. Court of Appeals for the Ninth Circuit.

18    In its opinion filed June 10, 2005, the Court of Appeals affirmed in part, reversed
19 in part, and remanded this case for further proceedings.  Huftile v Miccio-Fonseca, 410 F.3d
20 1136 (9th Cir. 2005).  The Court of Appeals held that the rule announced in Heck did apply to
21 SVPA detainees and that plaintiff's claims for damages and declaratory relief were barred
22 because any success on those claims would necessarily imply the invalidity of his civil
23 commitment. 410 F.3d at 1139-41.  However, the court noted that plaintiff had also sought
24 injunctive relief that would prevent defendant from inflicting further injury upon him.  Id. at
25 1141.  Because ordinarily a prayer for prospective relief will not necessarily imply the invalidity
26 of a prior action, the Court of Appeals concluded that plaintiff's claim for injunctive relief was

1  not barred and reversed that portion of the dismissal order.  Id. (citing Edwards v. Balisok, 520

2  U.S. 641, 648 (1997)).  Accordingly, the Court of Appeals remanded the matter to allow this

3  court to address that claim and to allow for the dismissal of the claims for damages and

4  declaratory relief without prejudice.  Id. at 1142.  In doing so the Court of Appeals noted that it

5  was not deciding that plaintiff was entitled to the requested injunctive relief but rather that this

6  court would be free, through appropriate procedures, to decide on the propriety of that claim.  Id.

7  at 1141.[1]

8      For the reasons set forth in the opinion of the Ninth Circuit Court of Appeals, the

9  undersigned will recommend that plaintiff's claims for damages and declaratory relief be

10  dismissed without prejudice to his later filing of a S 1983 action should his civil commitment be

11  invalidated.  See Heck, 512 U.S. at 489-90; Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th

12  Cir. 1995).  If these findings and recommendations are adopted, this action will proceed solely on

13  plaintiff's claim for injunctive relief.

14      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's claims for

15  damages and declaratory relief be dismissed without prejudice and that this action proceed solely

16  on plaintiff's claim for injunctive relief.[2]

17      These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19  days after being served with these findings and recommendations, plaintiff may file written

---

[1] To obtain prospective injunctive relief under these circumstances plaintiff must still show that the relief will not "necessarily imply" the invalidity of his civil commitment.  See Edwards v. Balisok, 520 U.S. 641, 648 (1997).  Moreover, the nature of the relief sought by a plaintiff is not necessarily determinative of this question.  Heck, 512 U.S. at 480.  Finally, it has been held by at least one district court that a civil committee cannot seek to overturn his civil commitment in a civil rights action for damages and injunctive relief.  Rogers v. Illinois Dep't of Corr. Special Eval. Unit, 160 F. Supp. 2d 972, 977-78 (N.D. Ill. 2001).

[2] As noted above, plaintiff has previously been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  If the above recommendation is adopted the undersigned magistrate judge will issue the appropriate orders necessary to carry out service of the summons and complaint on defendant Miccio-Fonseca.

1  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
2  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
4  F.2d 1153 (9th Cir. 1991).
5  DATED: March 8, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
huftF&Rremand