IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUFTILE,

    Plaintiff,                    No. CIV S-03-1522 FCD DAD P

    vs.

L.C. MICCIO-FONSECA,              <u>ORDER AND</u>

    Defendant.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is detained at Coalinga State Hospital pursuant to California's Sexually Violent Predators Act (SVPA), California Welfare and Institutions Code § 6600, et seq. and is proceeding pro se with a civil rights action seeking injunctive relief under 42 U.S.C. § 1983. Following remand by the U.S. Court of Appeals for the Ninth Circuit, this court directed the U.S. Marshal to serve process on defendant Miccio-Fonseca and ordered the defendant to file her response to the complaint.  (Order filed 5/10/06 at 2.)

        Defendant's motion to dismiss the complaint is now before the court.  In that motion defendant Miccio-Fonseca argues that plaintiff's complaint fails to state a cognizable claim, is barred by the Eleventh Amendment and the <u>Younger</u> abstention doctrine, and that plaintiff lacks standing to bring this action.  Plaintiff did not file an opposition to the motion,

/////

but instead has filed an amended complaint.  Plaintiff has also filed a motion for preliminary injunction and motion to reinstate his claim for declaratory relief and damages.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  A motion to dismiss, such as that filed by defendant here, is not a "responsive pleading" within the meaning of Rule 15.  See Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000); Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000).  Accordingly, plaintiff did not need to obtain leave of court to file his amended complaint.  Plaintiff's amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading no longer serves any function in the case.  Id.; see also E.D. Local Rule 15-220.  In light of plaintiff's amended complaint, defendant's motion to dismiss will be denied without prejudice.  The court will set a deadline for defendant to file either her answer or a new motion to dismiss the amended complaint.  If defendant Miccio-Fonseca elects to proceed by filing another motion to dismiss, she may incorporate by reference any applicable arguments presented in the motion she has already filed.

Defendant has also requested that this court take judicial notice of the cases brought in state court by plaintiff, this court's May 10, 2006 order directing service by the U.S. Marshal, the waiver of service of summons, and plaintiff's habeas petition filed with the District Court.  The request will be granted.  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978) ("the power of a court to take judicial notice of its own records is amply established").

In his motion for preliminary injunctive relief, plaintiff contends that defendant Miccio-Fonseca used an "illegal Clinical Evaluator's Handbook and Standardized Assessment

Protocol (SAP) manual" in her March 26, 2001 psychological evaluation and June 27, 2002 updated evaluation which were used for plaintiff's SVPA proceeding.[1] Although defendant Miccio-Fonseca has not conducted further evaluations of plaintiff, plaintiff argues that her evaluation continues to harm him because it is relied upon by other evaluators and taints their evaluations. Plaintiff attaches portions of commitment evaluations conducted by three clinical psychologists in 2004 and 2005, listing defendant's evaluations along with several other documents which were reviewed in the preparation of those evaluations.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

The court finds that plaintiff's motion is defective and premature. Plaintiff has failed to comply with Local Rule 65-231(d) which requires a brief on the legal issues and a declaration that demonstrates irreparable injury. Furthermore, since this action is proceeding solely as an action for injunctive relief, a motion requesting the same relief is premature. Finally,

---

[1] At the time plaintiff filed his complaint, he had been civilly detained at Atascadero State Prison since November 19, 2002. On December 10, 2003, plaintiff was discharged to California Department of Corrections custody following revocation of his parole for being in possession of child pornography. A civil recommitment trial was set for August 23, 2005. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1142 (9th Cir. 2005). Although the court does not have further information about the trial, it appears that plaintiff was found to meet the criteria for civil commitment. On September 6, 2005, plaintiff was transferred to Coalinga State Hospital where he remains detained. (Second Am. Compl., Attach. at 6.)

plaintiff is advised that the documents attached to his motion are not sufficient by themselves to demonstrate irreparable harm.

On September 14, 2006, plaintiff filed a document styled, "Motion And Notice Of Motion To Reinstate Declaratory Relief And Damages Based Upon Newly Discovered Evidence." Plaintiff argues that the Ninth Circuit Court of Appeals ignored the fact that he was discharged from Department of Mental Health jurisdiction and turned over to the California Department of Corrections in 2003, and that his claim for damages and declaratory relief are therefore not Heck-barred as was determined in Huftile v. Miccio-Fonseca, 410 F.3d 1136 (9th Cir. 2005). In this regard, the Ninth Circuit made the following determination:

> The district court record does not include a transcript of Huftile's civil commitment proceeding. However, the structure of the SVPA statutory scheme indicates that the success of Huftile's § 1983 claim would necessarily imply the invalidity of his civil commitment. Before the California Director of Mental Health can forward a request for an SVPA commitment petition to the appropriate county, two evaluators must agree that "the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody." Cal. Welf. & Inst. Code § 6601(d). An attorney for that county may then file a petition for commitment. Id. § 6601(I). A judge must then review this petition to determine whether there is probable cause to believe that the person "is likely to engage in sexually violent predatory criminal behavior" upon release. Id. § 6602(a). Because Dr. Miccio-Fonseca was one of Huftile's evaluators, a judgment in favor of Huftile in his § 1983 action would necessarily imply the invalidity of his civil commitment. That is, if only one evaluator, rather than two, had concluded that Huftile had a "mental disorder" within the meaning of § 6601(d), there would have been no basis for the state Director of Mental Health to send the request to the county, no basis for the county attorney to file a petition for commitment, and no basis for the judge to go forward with a probable cause determination.

Id. at 1140-41.

Plaintiff presented this same argument recently in Huftile v. Vognsen, No. CIV S-03-0604 DFL JFM P (Court doc. no. 29, filed 9/14/06). In that case, the assigned magistrate judge recommended that plaintiff's argument be rejected, stating as follows:.

/////

4

> The revocation of plaintiff's parole had no legal impact on his civil commitment other than to terminate his custody in the Department of Mental Health and return him to the custody of the Department of Corrections. His discharge from the civil commitment did not invalidate or call into question the underlying validity of the civil commitment. . . .
>
> Moreover, because the circuit court was aware of plaintiff's 2003 transfer from the Department of Mental Health to the custody of the California Department of Corrections at the time plaintiff appealed the Heck dismissal in <u>Huftile v. Miccio-Fonseca</u>, 410 F.3d at 1136, this court is bound to follow the court's finding that plaintiff is barred form seeking declaratory relief or damages "unless and until his civil commitment is invalidated." <u>Id.</u> t 1142. Just because the circuit court did not expressly reference the fact that plaintiff had been transferred to the custody of the California Department of Corrections does not mean that the court did not consider that fact in reaching its decision.

(<u>Id.</u>, court doc. no. 35, filed 11/30/06 at 3-4.) For these same reasons plaintiff's motion to reinstate his claims for declaratory relief and damages in this case should also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's July 24, 2006 motion to dismiss the complaint is denied without prejudice;

2. Within thirty days from the service of this order, defendant shall file and serve an answer or a new motion to dismiss the amended complaint. If defendant's response is a motion to dismiss, plaintiff shall file his opposition or statement of non-opposition within thirty days from the service of the motion. Defendant's reply, if any, shall be filed within fourteen days thereafter;

3. Defendant's July 24, 2006 request for judicial notice is granted; and

4. Plaintiff's August 14, 2006 motion for preliminary injunction is denied as defective and premature.

Also, IT IS HEREBY RECOMMENDED that plaintiff's September 14, 2006 motion to reinstate declaratory relief and damages be denied.

/////

1  These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 7, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
huft1522.mtd1

6