IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUFTILE,

    Plaintiff,   No. CIV S-03-1522 FCD DAD P

  vs.

L.C. MICCIO-FONSECA,

    Defendant.   <u>ORDER</u>

_____/

    Plaintiff is detained at Coalinga State Hospital pursuant to California's Sexually Violent Predators Act (SVPA), California Welfare and Institutions Code § 6600, et seq. Before the court is plaintiff's motion styled, "Motion For Criminal And Monetary Sanctions; Emergency Protective Order." Plaintiff requests court orders concerning files he is attempting to retrieve from another inmate's computer.

    Plaintiff contends that he has asked Barbara Devine, Unit Supervisor of Unit 6, at Coalinga State Hospital for access to inmate Kurtz' computer so that he can retrieve his files

/////
/////
/////
/////

from the computer.[1]  Ms. Devine has told inmate Kurtz that his computer will not be returned for 90 days.  Plaintiff requests the that the court take the following actions:  (1) grant judicial notice of plaintiff's January 11, 2007 letter to the court; (2) impose criminal and monetary sanctions on Devine, nursing coordinator Jim Robinson, program director Rocky Spurgeon, and executive director Thomas Voss; (3) issue an emergency protective order providing plaintiff access to the seized computer and protecting his files until they are printed; and (4) issue an order requiring that plaintiff's files be printed and delivered to the court.

   The court will deny plaintiff's requests.  It is unnecessary for the court to take judicial notice of documents which have been filed in this action.  Therefore, plaintiff's request for judicial notice will be denied.  As to plaintiff's request that he be allowed access to inmate Kurtz's computer, the court is not persuaded that the files in question contain information that is either critical at this stage of the proceedings or are not readily available to plaintiff.  Plaintiff has described the documents in question as a draft of his objections to the December 8, 2006 findings and recommendations and his declaration in support of his complaint.  ( See Pl.'s letter requesting 120 days enlargement of time, filed 1/11/07 at 1.)  Plaintiff's objections to the court's findings and recommendations were subsequently filed on January 24, 2007.  Therefore, he no longer needs access to the computer for this document.  Moreover, the court is unpersuaded that even if necessary, the declaration in question could not be reconstructed by plaintiff's since it should contain information that is known to him.  Finally, the court is not inclined to issue an order against individuals who are not parties to the suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

/////

---

[1] According to plaintiff's January 11, 2007 request for an extension of time to file his objections to the December 8, 2006 findings and recommendations, a computer owned by inmate Kurtz was confiscated on December 29, 2006, because it was used by inmate Nguyen who was caught with "contraband items."  Plaintiff contends that his declaration in support of his complaint as well as the beginning stages of his objections to the December 8, 2006 findings and recommendation are stored in Kurtz's computer.

1  According, IT IS HEREBY ORDERED that plaintiff's February 5, 2007 motion
2 for criminal and monetary sanctions and emergency protective order is denied.
3 DATED: February 15, 2007.

```
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
```

DAD:4
huft1522.prot